UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 06-20373-CR-LENARD/TORRES

UNITED STATES OF AMERICA,

       Plaintiff,

-vs-

NARSEAL BATISTE, et.al.

       Defendants.

_____/

## ROTHSCHILD AUGUSTINE'S SENTENCING MEMORANDUM

      18 U.S.C. §3553(a) provides that the Court impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of §3553(a)(2). It is submitted on behalf of Defendant, Rothschild Augustine that a sentence sufficient, but not greater than necessary, to comply with the purposes of § 3553 should be far below the sentencing guidelines sentence of thirty (30) years. The Court is well aware of the nature and circumstance of Mr. Rothschild Augustine's role in the charged offenses against all seven (7) of the defendants. On behalf of Defendant Rothschild Augustine, the following points are essential to the sentence and should be considered by the Court in imposing a sentence substantially below the recommended advisory guideline of thirty (30) years.

### A.  The Nature and Circumstances of the Offense

      In the instant case, two prior federal juries failed to find Rothschild Augustine guilty of any of the four (4) charges against him. The third jury acquitted Rothschild Augustine of charges of conspiring to blow up the Sears Tower, conspiring to blow up FBI buildings, and conspiring to levy war against the United States. In doing so, the third jury found Defendant Rothschild Augustine guilty of providing "material support" to Al Qaeda or to a terrorist

USA v. Batiste, Case No.: 06-20373-Lenard
Defendant Rothschild Augustine's Sentencing Memorandum
Page 2 of 5

organization. It is submitted that the guilty verdicts are based on the evidence that Rothschild

Augustine was present with Narseal Batiste on March 25th when Narseal Batiste took photos of

Federal buildings, as requested by the confidential witness at the March 16th oath of allegiance,

in exchange for money for Narseal Batiste. It is significant to point out, that the third jury

acquitted Naudimar Herrera, because Naudimar Herrera was not associated with the photo

taking, although Herrera was also at the March 16th oath of allegiance.

A careful review of the telephone call of the morning that the photos were taken, makes it

clear that up until the moment Rothschild Augustine travelled in the vehicle with Narseal Batiste,

that Rothschild Augustine had no participation in the planning in the taking of those photos.

With regard to the photos constituting "material support", these photos were public photos that

could have been taken by anyone or fully accessible by Al Qaeda itself. The evidence also

showed that the day after, Narseal Batiste told CW2 that the brothers did not want to be

involved.

There was no evidence that Rothschild Augustine ever possessed a gun, made any efforts

to accumulate any weapons, train for weapons, express jihadist ideation; or in any other way

provide any material support to Al Qaeda or any terrorist organization, or even Mr. Batiste

himself.

This case is different in nature and circumstances from others to which a terrorist

enhancement has been attributed. *See, e.g, United States v. Garey*, 483 F.3d 1159 (11th Cir.

2007)(terrorism enhancement given because defendant threatened to bomb and cause mass

destruction to various local businesses); *United States v. Mandhai*, 375 F.3d 1243 (11th Cir.

2004)(enhancement given for plan to blow up electrical sites in United States and demand

USA v. Batiste, Case No.: 06-20373-Lenard
Defendant Rothschild Augustine's Sentencing Memorandum
Page 3 of 5

Muslin prisoners be released and government change in Middle East policy); *United States v. Jordi*, 418 F.3d 1212 (11th Cir. 2005)(enhancement for plot to destroy abortion clinics); *see also United States v. Hale,* 448 F.3d 971 (7th Cir. 2006)(enhancement for plot to murder federal judge); *United States v. Harris*, 434 F.3d 767 (5th Cir. 2005)(enhancement for destroying municipal building through use of Molotov cocktail); *United States v. Dowell*, 430 F.3d 1100 (10th Cir 2005)(enhancement for setting fire to IRS building); *United States v. Graham*, 327 F.3d 460 (6th Cir. 2003)(enhancement for active member of the North American Militia, a paramilitary organization that planned a "first strike" in which they would attack and destroy various transportation, communication, and energy sources, hill certain federal officials; *United States v. Meskini*, 318 F.3d 88 (2nd Cir. 2003)(enhancement for plot to bomb Los Angeles airport); *United States v. Aref*, 533 F.3d 72 (2nd Cir. 2008), cert. den. 129 S.Ct. 1582 (2009)(enhancement given where defendant laundered funds from confidential witnesses' purported illegal importation of a Surface-to-Air Missiles to use on the Pakistani Ambassador in New York City).

The conduct of this case is substantially less than that of Jose Padilla, another case in this district, who actually went overseas for purposes of terrorism.

**B.  The Need for the Sentence Imposed**

The Government's ultimate claim of wrongdoing as to Mr. Rothschild Augustine is the allegation that he attended the FBI sting oath of allegiance and the photo session with Narseal Batiste.  The maximum penalty for each offense is fifteen (15) years.  In the instant case, the lowest possible form of conduct conceivable under Section 2339 is the mere presence at the taking of photos of common public areas which were given to a confidential witness in order to

USA v. Batiste, Case No.: 06-20373-Lenard
Defendant Rothschild Augustine's Sentencing Memorandum
Page 4 of 5

get the $50,000.00 that was promised.  There is no need for the imposition of a high sentence for lower end conduct.

### C.  Sentencing Disparities.

Section 3553(a) required the sentencing court to consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct."  In Mr. Rothschild Augustine's case, the sentences of similarly situated persons weigh heavily in favor of his request for a lower sentence.  *See United States v. Jose Padilla*, and other cases as detailed above.  *See also United States v. Jose Padilla*, Sentencing Memorandum, Docket Entry 1279, at pp.9-13.

### D.  Conclusion.

In the instant case, the guideline calculation for Mr. Rothschild Augustine starts with the base offense level at 26.  After this, Mr. Rothschild Augustine's offense guidelines are increased upward by fourteen (14) levels, and to a criminal history category six (6) based upon the adjustment contained in Section 3A1.4(b).  This adjustment therefore increases the offense guidelines from 63-78 months to 360 months-life.  This adjustment does not appear to be the product of careful deliberation based upon an empirical approach.  See U.S.S.G., App.C., Amendment 526(authorizing a 12 level adjustment and shift to criminal category six (6) under section 3A1.4 and providing no reason or explanation as to why the Commission chose this particular increase).  In such circumstances, the Court is clearly permitted to conclude when sentencing Mr. Rothschild Augustine that the Section 3A1.4 enhancement "yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes."

USA v. Batiste, Case No.: 06-20373-Lenard
Defendant Rothschild Augustine's Sentencing Memorandum
Page 5 of 5

WHEREFORE, Rothschild Augustine requests a sentence substantially below the advisory guideline range.  Rothschild Augustine respectfully requests that the Court, pursuant to 18 U.S.C. Section 3553(a) impose a sentence that is "sufficient but not greater than necessary, to comply with the purposes" of the statute.

Respectfully submitted,

Nathan D. Clark

CORAL REEF LAW OFFICES, PA
18330 Franjo Road
Palmetto Bay, Florida 33157
Tel.    (305) 255-7500
Fax     (305) 255-7040
By:     /s/Nathan D. Clark_____
        Nathan D. Clark

CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that on November 16, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By:     /s/Nathan D. Clark
        Nathan D. Clark