PROB 12B  
(SD/FL 9/96)

SD/FL PACTS No. 89118

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **1:06-20373-CR-LENARD**

**Request for Modifying the Conditions or Term of Supervision  
With Consent of the Offender**  
(Probation Form 49, Waiver of Hearing is Attached)

Name of Offender:  Stanley Grant Phanor

Name of Sentencing Judicial Officer: The Honorable Joan A. Lenard, United States District Judge, Miami, Florida

Date of Original Sentence: November 19, 2009

Original Offense:     Count One: Conspiracy to Provide Material Support to A Foreign Terrorist Organization, 18 U.S.C. § 2339B, a Class C felony

    Count Two: Conspiracy to Provide Material Support to a Foreign Terrorist, 18 U.S.C. § 2339A, a Class C felony

Original Sentence:     96 months custody United States Bureau of Prisons as to counts 1 and 2 concurrently, 15 years supervised release, as to counts 1 and 2 concurrently, and a $200.00 special assessment. Special conditions: The defendant shall: 1) maintain full-time employment, legitimate employment and not be unemployed for a term of more than 30 days unless excused for schooling, training, or other acceptable reasons. Further, the defendant shall provide documentation including, but not limited to paystubs, contractual agreements, W-2, and Earning Statements, and other documentation requested by the U.S. Probation Officer; 2) submit to a search of his person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer; and 3) obtain prior written approval from the Court before entering into any self-employment.

Type of Supervision: Supervised Release      Date Supervision Commenced: June 28, 2016

## PETITIONING THE COURT

☒     To modify the conditions of supervision as follows:

**The defendant shall perform 50 hours of community service as monitored by the U.S. Probation Officer.**

PROB 12B  
(SD/FL 9/96)

SD/FL PACTS No. 89118

## CAUSE

1. **Violation of Mandatory Condition,** by unlawfully possessing or using a controlled substance. On February 21, 2018, February 22, 2018, February 26, 2018, March 5, 2018, and March 12, 2018, the defendant submitted urine specimens which tested positive for the presence of marijuana in our local laboratory, and subsequently all specimens through March 5, 2018, were confirmed positive by Alere toxicology Services, Incorporated. On February 22, 2018, the defendant signed a probation Admission/Denial Report of Positive Urinalysis Form admitting to his recent use of marijuana.

On February 20, 2018, this officer placed a random telephone call to the defendant and instructed him to report within twenty-four hours to the probation office in order to submit to urine testing. On February 21, 2018, this officer received a telephone call from the Miami Courthouse Supervision Services Duty Officer Kurt Alexander, indicating the defendant was found by probation lab staff, to be in possession of a "whizzinator," in an attempt to submit a urine specimen which was not his own. Subsequent, to the confrontation at the probation lab the defendant relinquished the "whizzinator," to probation personnel and submitted to a urine test without further incident. On the same day, this officer had a telephonic conversation with the defendant wherein he admitted to recent drug use. At the conclusion of the telephonic conversation, he was instructed to report to the Kendall Probation Field Office for a meeting the next day with this officer.

On February 22, 2018, this officer met with the defendant and confronted him regarding his recent positive urinalysis test result. The defendant admitted to his drug use indicating he had attended a catered Caribbean Valentines party, where "edible" marijuana laced food products were served to guests. Furthermore, he indicated that he had consumed several desserts laced with marijuana. The defendant indicated that upon learning the food was laced with marijuana, he ceased consuming any other food items. The defendant was then questioned by this officer about the "whizzinator found in his possession, and the defendant indicated he had been "so scared" his drug use would be discovered, that he purchased the device in an attempt to mask his noncompliance. At that time, this officer issued both verbal and written reprimands to the defendant. Additionally, he was instructed to complete a one-page essay on the consequences of drug use, and he was placed on a 30-day urinalysis testing sanction. Furthermore, the defendant was instructed to no longer frequent events and clubs, as well as associate with individuals whom he knows use illicit substances. He was advised that further noncompliance might result in a possible court appearance. At the end of the meeting, the defendant appeared remorseful for his recent noncompliant conduct and formally apologized to this officer several times.

On March 7, 2018, this officer staffed the defendant's case and recent drug use with United States Probation Officer and Drug Treatment and Mental Health Specialist Haroldo Iglesias, and he agreed to meet with the defendant, in order to assess his need of substance abuse treatment. On March 13, 2018, the defendant reported to the probation office for the

PROB 12B  
(SD/FL 9/96)

SD/FL PACTS No. 89118

assessment. During, the meeting he provided the same story and details that he had at the previous meeting with this officer. At the conclusion of the meeting it was determined by Officer Iglesias, the defendant was not in need of drug treatment at this time. However, he was warned that continued illicit substance use would result in a referral for a substance abuse evaluation and a prescribed regimen of treatment coupled with graduated sanctions. The defendant was reminded to continue on his urine testing sanction, and he submitted the required essay for review to this officer. As and additional sanction due to the serious nature of his noncompliance, the defendant executed a Probation Form 49 the Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision agreeing to perform 50 hours of community service.

On March 13, 2018, this officer received drug use Interpretation Report from Alere Toxicology Services, Inc. A review of the report by this officer reflected that it is felt by the lab that the subsequent drug tests to the test performed on February 22, 2018, have been determined to be residual use by the defendant.

**RECOMMENDATION:** As a result of the above reported information, it is respectfully recommended that Your Honor modify the defendant's supervised release condition to include the performance of 50 hours of community service.

If Your Honor is in agreement with this officer's recommendation, please indicate below.

Respectfully submitted,

*John Steinhilber* John Steinhilber  
2018.03.20 22:24:09 -04'00'

John Steinhilber  
United States Probation Officer  
Office: (305) 259-1307  
Cellular: (786) 368-1892  
Date: March 16, 2018

Yamilee Sanchez  
2018.03.20 11:31:58 -04'00'

---

THE COURT ORDERS:

☐ No Action  
☒ The Modification of Conditions as Noted Above  
☐ Submit a Request for ☐ Warrant or ☐ Summons

_____  
Signature of Judicial Officer

4/3/18  
Date